UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA BENNETT and JAMES BENNETT,<br><br>Plaintiffs,<br><br>v.<br><br>CIELO HOMEOWNERS ASSOCIATION, INC., THE JUDGE LAW FIRM, JAMES JUDGE, and DOES 1-10,<br><br>Defendants. | Case No.: 22-cv-01426-WQH-BLM<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are (1) the Request for Entry of Default (ECF No. 7) filed by Plaintiffs Pamela Bennett and James Bennett and (2) the Ex Parte Motion for Extension of Time to Respond to Plaintiffs' Complaint (ECF No.10) filed by Defendant Cielo Homeowners Association ("Defendant Cielo").

**I.    BACKGROUND**

On September 21, 2022, Plaintiffs, proceeding pro se, filed a Complaint against Defendants Cielo Homeowners Association, Inc., The Judge Law Firm, and James Judge, bringing claims concerning a foreclosure lien. Plaintiffs request entry of default as to

Defendant Cielo, claiming at least twenty-one days have passed since the Summons and Complaint were served on Defendant Cielo. (ECF No. 7 at 2–3.)

On October 24, 2022, Defendant Cielo filed an Ex Parte Motion for Extension of Time to Respond to Plaintiffs' Complaint. (ECF No. 10.)

On October 25, 2022, Plaintiff James Bennett filed an Affidavit in Response to Defendant Cielo's Ex Parte Motion for Extension of Time. (ECF No. 11.)

## II. REQUEST FOR ENTRY OF DEFAULT

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," then an entry of default is proper. Fed. R. Civ. P. 55(a). It is inappropriate to conclude that a defendant has "failed to plead or otherwise defend" absent a showing that a defendant has been adequately informed of the action. Accordingly, plaintiffs "must show that [their] service of Defendants was sufficient before the entry of default is proper." *Velazquez v. DEA Headquarters Unit (Saro)*, No. 11-CV-820 JLS (NLS), 2012 WL 1898789, at *1 (S.D. Cal. May 22, 2012). "Without a proper basis for jurisdiction, or in the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." *S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007); *see Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) ("[I]f Genisco failed to serve Mason properly in the earlier action, the default judgment is void.").

Pursuant to Federal Rule of Civil Procedure 4(c)(2), "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). Plaintiffs attach a proof of service stating that James Bennett—a party to the action—served the Summons and Complaint on Defendant Cielo. (ECF No. 7 at 7–8.) Plaintiffs have not complied with Rule 4(c)(2) and therefore have failed to properly serve Defendant Cielo. In the absence of proper service, Plaintiffs' request for entry of default is denied.

Generally, a complaint must be served within ninety days after the complaint is filed. Fed. R. Civ. P(m); S.D. Cal. CivLR 4.1(a). In this case, Plaintiffs filed their Complaint on September 21, 2022, and thus have until December 20, 2022 to properly serve Defendants in accordance with the requirements of Rule 4.

### III. EX PARTE MOTION FOR EXTENSION OF TIME

In Defendant Cielo's Ex Parte Motion for Extension of Time to Respond to Plaintiffs' Complaint, Defendant Cielo states that Cielo's counsel was first contacted and retained on October 24, 2022, the Complaint relates to another case in this district that is currently on appeal, the Complaint is 192 pages with exhibits, and Cielo and its Counsel need additional time to properly and efficiently respond to the Complaint.[1] (ECF No. 10 at 2.) Defendant Cielo contends that on October 24, 2022, counsel for Cielo contacted Plaintiff Pamela Bennett and left a voicemail for her stating that Cielo needed more time to respond to the Complaint. *Id.* Defendant Cielo's counsel also sent an email to Plaintiffs on October 24, 2022, asking whether they would be willing to stipulate to additional time for Defendant Cielo to respond given the circumstances. *Id.* Defendant Cielo contends that they attempted to meet and confer before filing the Motion, but they had not heard back from either Plaintiff. *Id.*

In Plaintiff James Bennett's Affidavit in Response to Defendant Cielo's Ex Parte Motion Requesting Extension of Time, Plaintiff James Bennett states that Plaintiffs "did not receive Defendant Cielo's request for Plaintiffs' position on a request[] for an extension of time to file a response to Plaintiffs' Complaint until after Defendant filed their Ex Parte Motion." (ECF No. 11 at 2.) Plaintiff James Bennett states that if they had received the request, "Plaintiffs would have informed the Defendant that they have no position on Defendant's request and would leave that to the Court's sound discretion." *Id.*

---

[1] Defendant Cielo contends these factors also support denial of Plaintiffs' Request for Entry of Clerk Default. However, for the reasons stated above, the Court concludes entry of default is improper on other grounds.

Pursuant to Civil Local Rule 12.1, an extension of time to respond to a complaint may be granted upon a "showing of good cause." S.D. Cal. CivLR 12.1. The Court finds Defendant Cielo has shown good cause. Defendant Cielo's Ex Parte Motion for Extension of Time is granted.

## IV.   CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' Request for Entry of Clerk Default (ECF No. 7) is denied and Defendant Cielo's Ex Parte Motion for Extension of Time (ECF No. 10) is granted. Defendant Cielo shall respond to Plaintiffs' Complaint on or before November 10, 2022.

Dated: November 3, 2022

Hon. William Q. Hayes
United States District Court