UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pamela BENNETT, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>CIELO HOMEOWNERS ASSOCIATION, INC., et al.,<br><br>                            Defendants. | Case No.: 22-cv-1426-AGS-BLM<br><br>**ORDER DISMISSING CLAIMS, DENYING SUMMARY JUDGMENT AND JUDGMENT ON THE PLEADINGS AS MOOT (ECF 82 & 83), AND DENYING RECONSIDERATION (ECF 97)** |

This case is one of "a series of proceedings arising from a foreclosure" of plaintiffs' "San Diego residence." *See Bennett v. United States*, No. 23-cv-01140-BAS-BLM, 2024 WL 5339375, at *1 (S.D. Cal. Oct. 18, 2024). Because plaintiffs' claims have previously been raised—and dismissed—they suffer the same fate now.

## BACKGROUND

In 2008, defendant Cielo Homeowners Association sent plaintiffs Pamela and James Bennett a "request to pay" homeowner association "debts." (ECF 16, at 22.) A few months later, Cielo recorded a "Notice of Delinquent Assessment," securing a lien on the Bennetts' property. (*Id.* at 22–23.) In 2009, attorney James Judge (another defendant here) filed Cielo's foreclosure complaint against the Bennetts. (*Id.* at 24.) Or at least they were the intended targets. The complaint named the defendant "Pamela Bennet"—that is, missing the fateful second "t." (*Id.*) Rarely has one little letter spawned so much litigation.

A few years later, "Bank of America foreclosed" on the Bennetts' mortgage, "essentially extinguish[ing]" the lien and foreclosure complaint. (ECF 16, at 25.) Another attorney at Judge's law firm told the Bennetts that "Cielo was abandoning" its foreclosure claim "because there [was] no lien and no property." (*Id.* at 25.) "Despite this, defendants never abandoned the foreclosure action." (*Id.*)

In 2019, the Bennetts sued four defendants—including the three current defendants Cielo, Judge, and his law firm—for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692f. *See Bennett v. Cielo Homeowners Ass'n*,

1

19-cv-2131-WQH-BLM (S.D. Cal. 2019). The Bennetts alleged, among other things, that defendants: (1) "filed their complaint against Pamela Bennet" with "one 't' at the end of the name"; and (2) "Cielo obtained a judgment on the first" cause of action "despite" "misrepresentations" that "Cielo was abandoning its first cause of action because it was moot." *Id.*, ECF 39, at 18, 25. This Court dismissed the claims with prejudice, *see id.*, ECF 51, and the Ninth Circuit ultimately affirmed, *Bennett v. Cielo Homeowners Ass'n, Inc.*, No. 21-55550, 2023 WL 3043776 (9th Cir. Apr. 21, 2023).

Before that Ninth Circuit ruling, the Bennetts brought a new lawsuit—again under the Fair Debt Collection Practices Act—against Cielo, Judge, and his law firm. (*See* ECF 16.) The crux of their new complaint is that defendants tried "to collect a debt from Pamela Bennett," who was not the one-"t" defendant "Bennet" "in Cielo's complaint," and thereby "put[] on a trial . . . to collect on a foreclosure complaint that they admitted themselves was moot." (*See id.* at 30, 33.)

## DISCUSSION

### A. Motions for Summary Judgment and for Judgment on the Pleadings

The Bennetts move for summary adjudication and for judgment on the pleadings on three of their claims against Judge. (ECF 82, 83.) Judge responds that all claims are barred by res judicata. (ECF 84, at 7.) Typically, a defendant must "plead and prove" such claim preclusion. *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008). Although Judge's arguments are perfunctory, courts may also "sua sponte[] dismiss a case on preclusion grounds" when "the records of that court show that a previous action covering the same subject matter and parties had been dismissed." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1054 (9th Cir. 2005). So it is here.

Res judicata, or claim preclusion, "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). Claim preclusion applies "when the earlier suit (1) involved the same claim or cause of action as the later suit, (2) reached a

final judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (cleaned up).

### 1. *Same Claims*

"The central criterion in determining whether" two suits involve the same claims is "whether the two suits arise out of the same transactional nucleus of facts." *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000). In fact, the "common nucleus criterion" is "outcome determinative under the first res judicata element." *Mpoyo*, 430 F.3d at 988.

The allegations here are the same as those in the Bennetts' previous claims or spring from the "same transactional nucleus of facts." *See Frank*, 216 F.3d at 851. Both suits arose from the underlying foreclosure, including the infamous "Bennet" typo and the alleged misrepresentation about abandoning foreclosure on mootness grounds. *Compare Bennett v. Cielo Homeowners Ass'n*, 19-cv-2131-WQH-BLM (S.D. Cal. 2019), ECF 39, at 18 ("Cielo Homeowners Association filed their complaint against Pamela Bennet (one 't' at the end of the name)."), *and id.* at 24 (bringing cause of action for "misleading the court and plaintiffs by stating the first cause of action was moot"), *with* (ECF 16, at 31 (alleging violations for "putting on a trial for foreclosure of a lien where defendants admit it was moot"), *and id.* at 33 (claiming defendants "put[] on a trial" when "the complaint did not name Pamela Bennett as Cielo's defendant"); *id.* at 35–36 ("[Defendants] continue[d] to pursue Bennett" when "Cielo's complaint did not add Bennett as the correct defendant")).

The Bennetts protest that this suit involves new facts, as they have suffered recent and ongoing harm. Primarily, they allege that defendants hoodwinked various judges in the prior proceeding. (*See, e.g.*, ECF 16 at 37 (charging defendants with "misleading the state appellate justices" "just so defendants could continue to collect on the complaint that did not name the plaintiffs and continuing the foreclosure that was moot"); *id.* at 39–40 (fifth cause of action: "conducting a state trial without proper authority" because defendants "deceived the state trial court and the appellate court regarding the representation of Cielo while continuing to pursue a moot foreclosure complaint" and because "Cielo's complaint did not name Bennett"); *id.* at 41 (claiming violation of California evidentiary laws for

"convinc[ing] the court" that "all the allegations within Cielo's complaint were true" including "allegations for the foreclosure which did not exist at the time").) Nonetheless, these claims remain rooted in the same underlying factual soil: the foreclosure.

Thus, these two suits involve identical claims. *See, e.g.*, *Seymour v. Nationstar*, No. 2:19-cv-00564-MCE-KJN, 2020 WL 804456, at *5 (E.D. Cal. Feb. 18, 2020) (finding first claim-preclusion prong satisfied when "[b]oth complaints stem from the purported rescission" of a loan "and occurrences involving the handling of the purported rescission and loan default" surrounding a foreclosure); *Ghalehtak v. Fay Servicing, LLC*, 304 F. Supp. 3d 877, 885 (N.D. Cal. 2018) (concluding that "the FDCPA claims are identical in both cases" because, in each, "Plaintiffs' theory of the defendants' invalid title was premised on the invalidity of the October 2015 Assignment of Deed of Title").

### 2. *Final Judgment*

Next, the earlier lawsuit's dismissal was a final judgment on the merits. The Ninth Circuit affirmed that dismissal as both "time-barred" and deficient for failing "to allege facts sufficient to show that defendants made any material misrepresentation in connection with their collection of the homeowner's association fees." *Bennett*, 2023 WL 3043776, at *1; *see Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) (holding that "a dismissal on statute of limitations grounds" qualifies as a "judgment on the merits" for claim preclusion); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) (confirming that "a dismissal for failure to state a claim . . . is a 'judgment on the merits' to which res judicata applies").

### 3. *Privity*

Finally, the "parties in both actions are identical"—albeit plaintiffs omitted from this suit one defendant previously named—"and therefore quite obviously in privity." *See Tahoe-Sierra Pres. Council*, 322 F.3d at 1081.

Res judicata bars all claims, so the complaint must be dismissed. The Bennetts' motions for partial summary judgment and judgment on the pleadings are denied as moot.

### B.  Motion for Reconsideration

The only remaining motion is the Bennetts' request to reconsider the striking of some documents from the docket. In an ill-fated attempt at "'removing' a separate state court case to which they are defendants," the Bennetts earlier "made numerous filings" in this Court relating to that state case. (ECF 96, at 2.) This Court struck seven documents that "purport[ed] to be filings in the state court action," explaining that the Bennetts disregarded the "proper [removal] procedure" and that, at all events, the Court "lacks jurisdiction over the state court action." (*Id.* at 3–4.)

The Bennetts contend that the Court "failed to address" their argument that 28 U.S.C. § 1443(2) "provides [removal] jurisdiction." (ECF 97, at 3–4.) For the moment, the Court will overlook the failure to set forth an appropriate basis for reconsideration: "newly discovered evidence," "clear error," or "an intervening change in controlling law." *See School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). The Bennetts' argument is meritless. "Removal under § 1443(2) . . . is only available if the defendant is a state or federal officer or a person assisting such an officer." *ASAP Copy & Print v. Canon Bus. Sols., Inc.*, 643 F. App'x 650, 652 (9th Cir. 2016). Defendants are none of these. Reconsideration is denied.

## CONCLUSION

Because "the Court has determined that claim preclusion bars" the pending causes of action, it "would be futile to amend" the complaint. *Diamond S.J. Enter., Inc. v. City of San Jose*, 395 F. Supp. 3d 1202, 1242 (N.D. Cal. 2019), *aff'd*, 100 F.4th 1059 (9th Cir. 2024). Thus, all claims are **DISMISSED** with prejudice. The motions for partial summary judgment and for judgment on the pleadings are **DENIED** as moot. Plaintiffs' motion for reconsideration is **DENIED**. The Clerk must issue a judgment and close this case.

Dated: February 20, 2025

Hon. Andrew G. Schopler
United States District Judge